614 A.2d 154

IN THE MATTER OF JAMES F. HOUSTON, AN ATTORNEY AT LAW.

October 20, 1992.

CORRECTED ORDER

The Disciplinary Review Board having filed a report with the Court recommending that JAMES F. HOUSTON of KEYPORT, who was admitted to the bar of this State in 1969, be disbarred for the knowing misappropriation of client funds by the advancing of legal fees to himself in real estate matters before the fees were due him at the closing of title, thereby invading other client funds, and the Court having found on its independent review of the record clear and convincing evidence that respondent knowingly misappropriated funds, and good cause appearing;

It is ORDERED that JAMES F. HOUSTON be disbarred and that his name be stricken from the roll of attorneys of this State, effective October 27, 1992; and it is further

ORDERED that JAMES F. HOUSTON be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by JAMES F. HOUSTON pursuant to *Rule* 1:21–6, shall be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court who is directed to deposit the funds in the Superior Court Trust Fund, pending further Order of this Court; and it is further

ORDERED that JAMES F. HOUSTON comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that JAMES F. HOUSTON reimburse the Ethics Financial Committee for appropriate administrative costs.

WILENTZ, C.J., and CLIFFORD, HANDLER and POLLOCK, JJ., join in this Order.

O'HERN, GARIBALDI, and STEIN, JJ., have filed a separate dissent.

O'HERN, GARIBALDI, and STEIN, Justices, dissenting.

Believing that "under special circumstances discipline short of disbarment may occasionally be appropriate in knowing misappropriation cases," *In re Konopka,* 126 *N.J.* 225, 259, 596 *A.*2d 733 (1991) (Stein, J., concurring), we would impose, in the circumstances of this case, an extended term of suspension and would establish conditions for reinstatement that would insure protection of the public.